# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FREDERICK FELT           *

        v.                               *     Civil No. JFM-12-2873

MEI TECHNOLOGIES, INC., ET AL.    *

******

## MEMORANDUM

Frederick Felt has brought this action for retaliation against MEI Technologies, Inc. and Dell Services Federal Government, Inc. Felt asserts claims under Title VII and 42 U.S.C. Section 1981, the Maryland Human Relations Act, and the Prince George's County Code. He also asserts a claim against MEI for tortious interference with contract. Discovery has been completed, and defendants have filed motions for summary judgment. The motions will be granted.

Felt was an employee of Dell and was transferred to MEI for a performance of a contract with NASA. Felt had been hired by a predecessor of Dell in November 1997, and he had worked on the NASA contract for approximately thirteen years when his employment was terminated. Over the years Felt filed various employment discrimination charges, including ones for reverse discrimination and a hostile work environment. On March 26, 2010, he filed a formal complaint with MEI's Director of Human Resources complaining that he had been discriminated against because of a denial of an interview for a position with MEI for which he had applied. Felt refused to be interviewed in connection with his complaint, and the complaint was eventually denied. On July 28, 2010, Felt filed a complaint of discrimination with the Prince George's County Human Rights Relations Commission arising out of his non-selection for the position for which he had applied.

On April 8, 2011, Felt's employment with Dell was terminated. Michael Scott, Felt's supervisor at Dell, was the person who notified Felt of the decision. On the same day Scott gave Felt an unfavorable performance review, based upon events that occurred in the preceding months. These included his providing inadequate training in connection with what was called "Pernicka Testing," canceling a visit to a Neocera facility in Santa Clara, not telling the truth about the reason for the cancellation of the visit to Neocera and, most importantly, failing to properly report that a Zeiss SEM backscatter was broken. The backscatter issue was of importance because it was specifically mentioned in a fee award letter sent by NASA.

It is not entirely clear who made the decision to terminate Felt's employment.[1] It may have been Barbara Pearson, then general counsel of MEI, or a Dell attorney, James Rittinger. Whether it was Pearson or Rittinger who made the decision is, however, in the final analysis immaterial. They had known of Felt's filing of an employment discrimination complaint with the Prince George's County Human Relations Commission months before and, as Felt at least implicitly concedes, the passage of time between their knowledge of the filing of the complaint and the termination of Felt's employment does not give rise to any inference of a causal connection between Felt's complaint and his discharge. *See, e.g.*, *Conner v. Shnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997); *Hughes v. Derwinski*, 967 F.2d 1168 (7th Cir. 1992). *Cf. Dowel v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998).

Recognizing this weakness in his claim, Felt contends that MEI Project Manager Keyvan Motizavi and Task Lead Amir Sadeghi, his first and second line supervisors, who learned of the employment discrimination charge about a month before his employment was terminated, are the persons who made the termination decision. Nothing in the record supports that contention.

---

[1] The termination of Felt's employment with Dell followed from the termination of his work on the MEI contract.

2

Motazivi and Sadeghi both denied on deposition that they made the decision. Contemporaneous emails support their testimony. Moreover, Motizavi and Sadeghi both were aware of the earlier employment discrimination complaints that Felt had filed. Felt has provided no explanation as to why the most recent filing would have prompted them to decide to terminate his employment.

Most importantly, there was ample cause for the termination of Felt's employment. I need only focus on the backscatter issue. That issue clearly was of concern to NASA. There was no writing (hard copy or email) that Felt ever reported that the backscatter was broken. Felt alleges that he orally advised Production Control Manager Denise Ratliff of that fact. Ratliff testified that she did not recall that Felt had made any such oral report. It was for MEI and Dell to determine whether to believe Felt, and their decision is not subject to second guessing by this court or a jury.

In the final analysis this case turns upon the fundamental proposition that an at-will employee cannot, in effect, obtain tenure by being constantly disgruntled and filing a series of employment discrimination complaints. Rather, his employment turns on his performance, and here MEI and Dell were entitled to conclude that Felt's performance was unsatisfactory.

A separate order granting defendant's motions for summary judgment is being entered herewith.[2]

Date: December 31, 2013  \_\_\_\_/s/_____
J. Frederick Motz
United States District Judge

---

[2] Dell is entitled to summary judgment for the additional reason that there is nothing in the record to suggest that it knew or should have known that MEI was motivated by any discriminatory animus in deciding or recommending that Felt's employment be terminated.